UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Burston Jr., #24896-056,<br><br>    Petitioner,<br><br>vs.<br><br>Warden of FCI-Williamsburg,<br><br>    Respondent. | C/A No. 6:10-2692-RMG-KFM<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Curtis Burston Jr. ("Petitioner"), is a federal prisoner at FCI-Williamsburg, a facility of the Federal Bureau of Prisons in Salters, South Carolina. On February 20, 2010, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina, which was subsequently transferred to this Court because this district has jurisdiction as the district where Petitioner is confined. *United States v. Burston*, No. 5:10-HC-2027-BO (E.D.N.C. October 18, 2010).

## BACKGROUND

After a jury trial in the United States District Court for the Eastern District of North Carolina ("Sentencing Court"), Petitioner was convicted on March 2, 2005, of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and 500 grams of cocaine, in violation of 21 U.S.C. § 846; one count of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of unlawful use of a communication device, in violation of 21 U.S.C. § 843(b). *See United States v. Burston*, No. 5:04-CR-371-F-2 (E.D.N.C. filed December 1,

2004). Petitioner was sentenced to 360 months imprisonment on the conspiracy conviction, with a 96 month sentence on the communication conviction and 360 month sentence on the distribution conviction, both to run concurrently with the conspiracy sentence. *Id*. On direct appeal, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed his convictions and sentences. *United States v. Burston*, Nos. 05-4684, 05-4692, 2006 WL 2457180 (4th Cir. August 22, 2006), *cert denied* 127 S.Ct. 1167 (Jan. 22, 2007).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Sentencing Court on March 4, 2008. The grounds for relief in the § 2255 motion were based on the argument that the Sentencing Court lacked jurisdiction because Public Law 80-772, codified in Title 18, Crimes and Procedures, of the United States Code, is invalid as unconstitutional. In his current § 2241 petition, Petitioner continues to argue that the Sentencing Court did not have jurisdiction. Petitioner's § 2255 motion was initially dismissed as untimely filed, but the Sentencing Court entered an amended order acknowledging the timeliness of the § 2255 motion, but also denying the motion for reconsideration and rejecting Petitioner's § 2255 arguments on the merits. *United States v. Burston*, No. 5:04-CR-00371-F-2 (E.D.N.C. July 31, 2008). Petitioner subsequently filed several motions with the Sentencing Court, which were denied, as was Petitioner's motion for reconsideration. The denial of the reconsideration was affirmed by the Fourth Circuit. *United States v. Burston*, No. 09-7610, 2009 WL 4506467 (4th Cir. December 4, 2009).

Petitioner then filed a motion in the Fourth Circuit seeking authorization to file a second or successive § 2255 motion under 28 U.S.C. § 2244, which was denied. *United States v. Burston*, No. 10-246 (4th Cir. September 22, 2010). Petitioner argued to the Fourth Circuit that the lowering of the Guideline Sentencing ratio between crack and powder cocaine under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, makes Petitioner's sentence unconstitutional. In his current § 2241 petition, Petitioner makes similar arguments claiming his convictions should be vacated and/or his sentences reduced based on retroactive application of a "1 to 1 ratio." In fact, Petitioner made similar arguments in his direct appeal, where the Fourth Circuit found that "the district court did not err in sentencing Burston on the basis of crack cocaine. The trial evidence supported this finding and the court was not authorized to consider the sentencing disparity between crack cocaine and cocaine powder." *United States v. Burston*, Nos. 05-4684, 05-4692, 2006 WL 2457180, at *2 (4th Cir. August 22, 2006) (citing *United States v. Eura*, 440 F.3d 625, 632-33 (4th Cir. 2006), *vacated,* 552 U.S. 1090 (2008)).

At the time of Petitioner's sentencing on June 14, 2005, Fourth Circuit precedent did not allow district courts to consider the disparity created by the 100:1 crack to powder cocaine ratio in determining an appropriate sentence. *United States v. Eura*, 440 F.3d 625, 632-33 (4th Cir. 2006) (holding that sentencing court may not vary from Guideline range based on Guideline sentencing ratio for crack/cocaine powder), *vacated,* 552 U.S. 1090 (2008). The Fourth Circuit's decision in *Eura* was binding precedent at the time of Petitioner's sentencing, even though it was subsequently abrogated by the United

3

States Supreme Court's finding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Kimbrough v. United States*, 552 U.S. 85, 110 (2007). The decision in *Kimbrough* recognized the sentencing court's discretion to consider the disparity in the Guideline sentencing ratio between crack and powder cocaine in determining an appropriate sentence. *See Spears v. United States*, _U.S._, 129 S.Ct. 840, 843-44 (2009)("clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines"). The Fair Sentencing Act of 2010, which became law on August 3, 2010, reduced sentencing disparities between crack and powder cocaine to 18 to 1.

Based on the developing law in relation to the disparity in sentencing between crack and powder cocaine, Petitioner now invokes § 2241, arguing the "crack ratio used to sentence Petitioner is unconstitutional" and his sentence is "illegal pursuant to the crack ratio." Pet. at 27, ECF No. 1. Petitioner also argues he is "actually innocent of the alleged crimes committed," because the Sentencing Court "never had jurisdiction over Petitioner because it violated Due Process." Pet. at 12-13, ECF No. 1. So "Petitioner is imprisoned for committing no crime, and thus Petitioner's indictment and conviction are null and void, *ab initio*." *Id.* As noted, Petitioner's grounds for relief in his § 2241 petition have been addressed by the Sentencing Court and Fourth Circuit in Petitioner's prior filings in those courts.

**DISCUSSION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review habeas petitions for relief and submit findings and recommendations to the District Court. This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The fact that Petitioner did not prevail in his direct appeal, his § 2255 motion, various motions before the Sentencing Court, or his attempt to file a successive § 2255 motion, does not open the door for him to bring those

5

same arguments in a habeas action under § 2241 in the district court within the jurisdiction of his confinement. "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

6

the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Petitioner claims a substantive change in the law concerning the crack to powder cocaine sentencing ratio requires application of a one to one ratio, and must be retroactively applied to vacate or reduce his illegal sentence. Pet. at 1, ECF No. 1. Petitioner's arguments challenge the validity of his sentence. Petitioner's claim that his sentence is illegal is insufficient to meet the high threshold announced in *Jones*. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Even if Petitioner could challenge his sentence in a § 2241 habeas action based on the crack to powder cocaine ratio, he could not prevail. The Fourth Circuit has determined that the "district court is not required to apply a one-to-one ratio," *United States v. Boomer*, Nos. 09-4859, 09-7412, at *3 (4th Cir. November 19, 2010), and the "Fair Sentencing Act of 2010, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively." *United States v. Nelson*, No. 09-4297, 2010 WL 4676614, at *1 (4th Cir. November 18, 2010).

Furthermore, Petitioner's claim of "actual innocence of the enhanced charges" is facially inadequate to require consideration, as is his claim of actual innocence of his crimes based on the Sentencing Court's lack of jurisdiction. His arguments of actual innocence do not relate to the conduct for which he was convicted, but rather relate to the sentence imposed. Petitioner provides no allegations of new, reliable evidence that was

7

unavailable at the time of conviction, which undermines the validity of his criminal convictions. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial."). Petitioner fails to make viable arguments pertaining to actual innocence of the crimes for which he was convicted.

In summary, Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

s/Kevin F. McDonald  
United States Magistrate Judge

December 3, 2010  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).