IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Burston, Jr., | Civil Action No. 6:10-cv-2692-RMG |
| Petitioner, | |
| vs. | **ORDER** |
| Warden of FCI-Williamsburg, | |
| Respondent. | |

This matter comes before the Court on Petitioner's *pro se* application for writ of habeas corpus, filed in this Court pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On December 3, 2010 the Magistrate Judge issued a Report recommending that the case be dismissed without prejudice and without requiring the respondent to file a return. (Dkt. Entry 9 at 8). Petitioner timely filed objections to the Magistrate Judge's Report. (Dkt. Entry 14).

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See, *Matthews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* review of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

—1—

## BACKGROUND

Petitioner was convicted on March 2, 2005 by a jury in the United States District Court for the Eastern District of North Carolina of several federal drug related offenses involving the possession and distribution of cocaine base (commonly known as "crack") and cocaine. He was sentenced to concurrent sentences totaling 360 months of imprisonment. Petitioner's conviction and sentence were affirmed by the Fourth Circuit. *United States v. Burston*, 2006 WL 2457180 (4th Cir. 2006), *cert. denied* 127 S.Ct. 1167 (2007). Petitioner thereafter sought to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. *United States v. Burston*, C.A. No. 5:04-CR-00371, F-2 (E.D.N.C. 2008) (Dkt. Entry 127), *aff'm* 2009 WL 4506467 (4th Cir. 2009).

Petitioner thereafter filed this petition pursuant to 28 U.S.C. § 2441 in the United States District Court for the Eastern District of North Carolina, which transferred the Petition to the District of South Carolina, where the prisoner was incarcerated. Petitioner asserted that the disparity in sentencing between crack and powder cocaine rendered his sentence unconstitutional. Petitioner also moved before the Fourth Circuit seeking authorization to file a second § 2255 motion under 28 U.S.C. § 2244, which was denied on September 22, 2010. *In re Curtis Burston, Jr.*, 10-246 (Dkt. Entry 4) (4th Cir. 2010). Petitioner's successive § 2255 motion addressed the issue of the ratio between crack and powder cocaine, which Petitioner alleged rendered his sentence unconstitutional. *Id.* (Dkt. Entry 1). Further, during the pendency of this § 2241 petition in the District of South Carolina, Petitioner moved before his sentencing judge in the Eastern District of North Carolina, pursuant to 18 U.S.C. § 3582, for a reduction in sentence arising out of guideline changes in the United States Sentencing Guidelines relating to crack cocaine. Petitioner's sentence was reduced by

his sentencing judge pursuant to this motion on December 23, 2010, from 360 to 294 months. 5:04-CR-00371-F-2 (Dkt. Entry 155).

## ANALYSIS

It is well settled that generally any challenge to a federal conviction or sentence must be brought pursuant to 28 U.S.C. § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A narrow exception exists where the petitioner can establish that the procedures provided under §2255 are inadequate or ineffective to challenge the legality of the detention. *Id.*; *In re Jones*, 226 F. 3d 328, 333-334 (4th Cir. 2000). The fact that the petitioner was unsuccessful in pursuing relief under § 2255 does not mean that the potential relief was inadequate or ineffective. *Rice v. Rivera*, 617 F.3d at 807. To utilize § 2241 to obtain habeas relief, the petitioner also carries the heavy burden of establishing that he has been convicted of an offense which, due to a change in the law, is no longer a criminal offense. *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). Consequently, habeas relief under § 2241 is "rare." *Fisher v. United States*, 2008 WL 1808796 (W.D. Va. 2008).

Petitioner raises in his application for habeas relief recent case law which has held that a District Court has discretion in applying the previously utilized ratios for crack and powder cocaine when engaged in federal sentencing, which reflected a change from a previous holding that the District Courts had no such discretion.. See, *Kimbrough v. United States*, 552 U.S. 85, 89-90 (2007); *United States v. Eura*, 440 F.3d 625, 632-33 (4th Cir. 2006). Courts have held, however, that *Kimbrough* is not retroactive and prior sentences involving convictions for the possession and/ or distribution of crack cocaine are not *per se* improper or unlawful. *Jackson v. Pearson*, 2010 WL 2683132 (S.D. Miss. 2010); *Thorpe v. Warden*, 2010 WL 744697 (C.D. Ill. 2010); *Baker v. United*

*States*, 2009 WL 2612648 (D.S.C. 2009) (J. Wooten).[1]

The Court finds that the Petitioner has failed to carry his heavy burden of demonstrating that the procedures available under § 2255 are inadequate or ineffective to raise any challenges to the lawfulness of his sentence. Further, the Court finds that the Petitioner has failed to demonstrate that the offense in which he was convicted is no longer a criminal offense under federal law, which is an essential finding to utilize the provisions of § 2241 to obtain habeas relief. Petitioner has had a full and fair opportunity to raise his challenge to his sentence under § 2255 and the fact that the Fourth Circuit did not provide him relief is not evidence of the inadequacy or ineffectiveness of that procedural remedy.

## CONCLUSION

Accordingly, the petition in the above captioned case is **DISMISSED** without prejudice and without requiring the Respondent to file a return.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

Charleston, South Carolina
December 29, 2010

---

[1] The United States Sentencing Guideline Commission has reduced the guidelines for crack cocaine and made that amendment retroactive, which produces the opportunity for offenders to file motions to reduce their sentences under 18 U.S.C. § 3582(c)(2). *United States v. Hopkins*, 577 F.3d 507, 509 (3d Cir. 2009). Petitioner here filed such a motion and, as mentioned earlier, obtained a reduction in his sentence from 360 months to 294 months.